UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,          :
          :
         -against-         :       **MEMORANDUM AND ORDER**
          :
RADHIKA DHORI,          :       **12-cr-145 (DLI)**
          :
        Defendant.      :
-----------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

Before the Court is Defendant Radhika Dhori's ("Defendant") motion to dismiss the pending violation of probation ("VOP") made pursuant to 18 U.S.C. § 3565(c) ("§ 3565(c)"), based on lack of personal jurisdiction. *See generally*, Def.'s Mot. to Dismiss ("Def.'s Mot."), Dkt. Entry No. 74. Defendant supplemented her motion by letter maintaining that the summons issued was defective thereby not satisfying the jurisdictional requirement under § 3565(c). Def.'s Ltr., Dkt. Entry No. 76. The Probation Department ("Probation") subsequently submitted a memorandum to the Court, which, *inter alia,* stated that the Court ordered the issuance of a summons on December 10, 2020, which Probation served on Defendant at the Probation Office on December 15, 2020, and a scheduling order as to the summons was issued on December 18, 2020.[1] Probation Memorandum ("Prob. Mem."), Dkt. Entry No. 75 at 2. As to the viability of the motion to dismiss the VOP, Probation deferred to the Government. *Id.* The Government opposed arguing that the summons was issued properly prior to the expiration of Defendant's Probation term. *See*, Government's Opposition ("Gov't Opp."), Dkt. Entry No. 77. Defendant replied. Def.'s Reply, Dkt. Entry No. 79. For the reasons set forth below, Defendant's motion to dismiss the VOP is denied.

---

[1] The memorandum states that the scheduling order was issued on December 18, 2021, but this appears to be a typographical error as the case docket shows, and the parties do not dispute, that the scheduling order requiring an initial appearance on the VOP was issued on December 18, 2020.

## BACKGROUND[2]

On March 9, 2012, Defendant pled guilty to the only count in the information filed by the Government charging her with conspiracy to commit bank and wire fraud in violation of 18 U.S.C. §§ 1349 and 1344.  *See*, Information, Dkt. Entry No. 2; Minute Entry dated March 9, 2012, Dkt. Entry No. 5; Guilty Plea Allocution Transcript, Dkt. Entry No. 11.  On April 14, 2016, Defendant was sentenced to five (5) years of probation with special conditions, and ordered to pay $223,251 in restitution and $10,000 in forfeiture.  *See*, Minute Entry April 14, 2016; Forfeiture Order, Dkt. Entry No. 47; Restitution Order, Dkt. Entry No. 48; Judgment, Dkt. Entry No. 49.  Defendant's probation term began on April 15, 2016 and was scheduled to end on April 14, 2021.

On December 2, 2020, Probation filed a Violation of Probation Report ("VOP") and a Petition for Warrant or Summons of Offender because Defendant allegedly had opened accounts with financial institutions without the approval of the Probation Department as required.  *See*, Violation of Supervised Release Report and Petition for Warrant or Summons of Offender, Dkt. Entry Nos. 61, 62, respectively.  On December 10, 2020, this Court ordered the issuance of a summons and requested that Probation provide additional information concerning the charged violative conduct at least five (5) days prior to the date of defendant's arraignment on the VOP. *See,* ORDER for Summons as to Radhika Dhori, Dkt. Entry No. 63.  On December 15, 2020, Defendant's supervising Probation Officer personally served the summons on the Defendant at the Probation Office in Orlando, Florida since Defendant, as a Florida resident, was being supervised by that office. *See,* Prob. Mem. at 2;  Summons Returned Executed on 12/15/2020 as to Radhika Dhori, Dkt. Entry No. 78.  On December 18, 2020, this Court issued an order scheduling

---

[2] The parties are presumed to be familiar with the underlying facts and circumstances of this case and only those facts necessary to decide the motion are discussed herein.

Defendant's virtual arraignment on the VOP for January 15, 2021 at 3:00 PM.[3]  *See*, Electronic Order dated December 18, 2020.  Defendant appeared with counsel by videoconference at the revocation proceeding on January 15, 2021 as well as at all subsequent conferences regarding the VOP.  *See*, Minute Entry dated January 15, 2021, Dkt. Entry No. 66; Minute Entry dated July 19, 2021; Minute Entry dated August 18, 2021.

## DISCUSSION

Defendant now moves to dismiss the VOP pursuant to § 3565(c) contending that the summons served on her was defective as it did not include "a particular date/time/place" to appear. Def.'s Reply, at 2.  In response, while deferring to the Government as to the merits of the motion, Probation noted that Defendant, who had been served personally with the summons by her supervising officer, apparently had accepted the jurisdiction of this Court based on her compliance with all status conference scheduling orders, from her initial appearance on January 15, 2021 and all subsequent status conferences related to the VOP.  *See*, Prob. Mem.  The Government opposes Defendant's claim for the reasons stated by Probation, and because the summons, which was issued prior to the expiration of Defendant's probation, together with the Court's Order directing Defendant to appear at a specific date and time, satisfies the requirements of § 3565(c).  *See*, Gov't Opp., at 2.  The Court concurs with the Government.

"In 1994, Congress acted to make explicit the authority of courts to revoke supervised release after expiration of the release term, enacting 18 U.S.C. § 3583(i) with respect to supervised release, and the corresponding § 3565(c) with respect to probation."  *United States. v. Janvier*, 599 F.3d 264, 266 (2d Cir. 2010) (citation omitted).   "The plain language of [18 U.S.C. § 3583(i)]

---

[3] The arraignment was held by videoconference on the consent of all the parties due to the ongoing COVID 19 pandemic and Defendant's residence in Florida.  All subsequent conferences also have been held by videoconference, with the parties' consent for these reasons.

identifies the issuance of a warrant or summons during the term of supervised release as the condition" for this Court's jurisdiction "to adjudicate a violation charge and if appropriate revoke the term of release." *Id.* The relevant language in 18 U.S.C. § 3583(i) and § 3565(c) are identical. "Where two statutes operate in the same area of the law[,] the general rule remains that similar language should be interpreted similarly." *Omega Overseas Partners, Ltd. v. Griffith*, 2014 WL 3907082, at *5 (S.D.N.Y. Aug. 7, 2014) (citing *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 233-34). In order to extend a court's power to adjudicate a violation charge beyond the expiration of the term of probation under § 3565(c), a warrant or summons must be issued on the basis of an allegation of such a violation prior to the expiration of the term of probation. *See generally*, *Janvier*, 599 F.38 264.

While acknowledging that she was served with the VOP summons prior to the expiration of her probation term, Defendant nonetheless claims the summons was defective, thus warranting dismissal of the VOP. Defendant relies on inapposite cases where either a summons was not issued at all or was issued after the expiration of the supervision term. *See generally*, Def.'s Mot. and Ltr (citing *Janvier*, 599 F.3d at 264 (issuance of a summons or warrant did not occur until after the expiration of supervised release); *United States v. Crusco*, 2000 WL 776906 (S.D.N.Y. June 15, 2000) (rejecting the government's argument after a finding that no summons had issued)).

Defendant also relies on *United States v. Bunn*, 542 F. App'x 50 (2d Cir. 2013), an inapposite summary order with no precedential effect, wherein the defendant unsuccessfully contended that the district court's order directing him to appear, which lacked, among other information, his complete name and details about the supervision violations, was not a valid summons granting the court jurisdiction over the alleged violations. The Second Circuit summarily rejected that argument noting that a summons generally is understood as "the process

requiring a defendant to appear in an action" and § 3583(i) does not prescribe any particular requirements for the issuance of a summons other that it be based on an allegation of a violation of supervised release. *Id.* at 51(citations omitted). The court further noted that Rule 32.1 of the Federal Rules of Criminal Procedure, which governs violation of supervised release proceedings, also does not impose any other requirements for the issuance of a summons. *Id.* Accordingly, in affirming the district court, the Second Circuit held that, while the issued summons had Bunn's partial name, date, time, and location of the required appearance and did not include either his full name or the violation charges, this omitted information was included in the accompanying petition, which was integral to the order.[4] *Id.* at 52. Moreover, like Defendant here, Bunn had been informed by his probation officer of the issuance of the summons and the reason for its issuance.

In the instant case, while the summons that was issued did not contain specific information as to when or where to appear, it was served on her personally by her supervising probation officer, and three (3) days later and well before the expiration of Defendant's probation term, the Court issued an order scheduling the "initial appearance on Revocation Proceedings . . . for January 15, 2021 at 3:00 PM" by videoconference. Electronic Order dated December 18, 2020. As in *Bunn*, this information, along with the VOP Report containing, *inter alia*, the substance of the violation charges, was treated by the Court and the parties as integral to the initial summons, as evidenced by Defendant's appearance with counsel at the January 15, 2021 revocation proceeding, thereby satisfying the purpose of the summons. At this proceeding, counsel for Defendant "confirmed that he [had] received the violation of probation report filed by the Probation Department and reviewed the report with the Defendant." *See*, Minute Entry dated January 15, 2021. Moreover, Defendant

---

[4] Notably, the Second Circuit rejected Bunn's reliance on the very cases that Defendant relies on here.

subsequently appeared at all of the proceedings regarding the revocation of her probation.  *See*, Minute Entry dated July 19, 2021; Minute Entry dated August 18, 2021.

Here, the summons served on Defendant was based on detailed allegations by a probation officer, and the subsequent scheduling order issued by the Court, as well as the conduct of the parties, satisfy the minimal requirements "for the issuance of a summons to answer supervised release violation charges."  *Bunn*, 542 F. App'x at 53.  Accordingly, as Defendant's jurisdictional argument is without merit, her motion to dismiss the violation of probation charge is denied.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss the violation of probation charge is denied in its entirety.


SO ORDERED.

Dated:  Brooklyn, New York
          December 28, 2021


                                                      /s/
                                        DORA L. IRIZARRY
                                United States District Judge